[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
The Plaintiff brings this action to recover for material. CT Page 4303 alleged to have been supplied to Jon Butler Building and Remodeling (Butler), in connection with the renovation and construction of a State of Connecticut — financed public project. The defendant, National Grange Mutual Insurance Company (National), executed a surety agreement with Butler pursuant to G.S. 49-41 establishing a payment bond in connection with the project. The plaintiff has alleged that Butler has failed to pay although more than 90 days have elapsed since the last of the materials were furnished and that National has improperly refused and/or neglected to pay under the payment bond although the plaintiff noticed both Butler and National, as Butler's surety, within 180 days after the last of the materials were furnished. The second court is alleged against National only on claims of unfair claim settlement in violation of G.S. 38a-816 (6) and unfair trade practices in violation of G.S. 42a-110b. National in its answer denied the improper refusal to pay in the first count and the claims alleged in the second count.
National has moved for summary judgment and the plaintiff has moved for partial summary judgment on the question of liability against National. Butler has petitioned bankruptcy.
The parties agreed to have both motions heard at the same time since they arise from the same issue. National is not challenging the plaintiff's notice for what it says or the contents required by G.S. 49-42 but because it was not sent to the proper parties in the manner required by the statute and in the case of the letter sent by Attorney Silliman because it was sent too late. The parties disagree as to the last date of delivery of the materials, the defendant claiming March 5, 1990 and the plaintiff March 9, 1990, but it is not material since the six letters claimed by the plaintiff are timely as to either date. The six letters in question are appended to the complaint as Exhibits C, D, E, F, G and H. Only one of them, Exhibit D, was sent by "certified or registered mail or in any manner in which civil process may be served." However, a copy of such notice was not served on the contractor named as principal on the bond under the provisions of G.S. 49-42.
Although the party seeking summary judgment has the burden of showing the non-existence of any material fact in issue, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue. The test is whether a party would be entitled to a CT Page 4304 directed verdict on the same facts. Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781.
Since the purpose of the bond is to facilitate the expeditious and uninterrupted completion of public works by furnishing a means through which suppliers of labor and material are afforded protection in extending credit to contractors, the interpretation of the statute should be liberally construed in favor of the intended beneficiaries rather than the surety or principal contractor. International Havester Co. v. L.G. DeFelice Sons, Inc., 151 Conn. 325, 333. It is clear, however, that liberality is not to be applied to the notice provisions of the statute but that compliance is a jurisdictional prerequisite. Nor'easter Group, Inc. v. Colossale Concrete, Inc., 207 Conn. 468, 477. Otherwise our Supreme Court would have applied such liberal interpretation to the notice given in Nor'easter rather than finding that the notice to be given in G.S. 49-41a(b) is not that required in G.S. 49-42. With the 1987 amendment to G.S. 49-42 both the principal contractor and the surety are to be given timely notice in accordance with the provisions of the statute. This was not done here.
The court therefore grants summary judgment in favor of defendant and denies the motion for partial summary judgment of the plaintiff.
CORRIGAN, J.